## CUYAHOGA BAKING CO. v. REES, Admr.

### Ohio Appeals, 9th Dist., Summit Co.

### No. 1313.   Decided Feb. 3, 1928.

#### First Publication of this Opinion.

#### Syllabus by Editorial Staff.

**753. MEASURE OF DAMAGES.**

In action for damages for wrongful death of seven year old girl, charge that jury, in arriving at amount of damages, should take into account probable life of child and amount that father and mother and brothers and sisters would probably have received from her during life time, held proper.

**225. CHARGE OF COURT.**

Where plaintiff withdraws charge of negligence, based on driving motor truck at rate of speed in excess of that allowed by statute, and, at conclusion of charge, specifically requests that court charge as to statutory rate of speed and court does so, saying again that plaintiff has abandoned that charge of negligence, and, in connection with additional charge, recharges law in reference to driving automobile at greater speed than reasonable and proper, such recharge not erroneous.

**1265. WEIGHT OF EVIDENCE.**

Court of Appeals cannot reverse judgment on grounds that verdict is excessive and manifestly against the weight of evidence, unless all judges concur.

Error to Common Pleas.
Judgment affirmed.

Musser, Kimber & Huffman, and C. G. Roetzel, Akron, for Baking Co.

Lee J. Myers, Akron, for Rees, Admr.

Plaintiff in error's truck, while being driven by one of its employees, ran over and killed a seven-year-old girl while she was crossing the street, between intersections, on her way to school, and the defendant in error, as administrator of her estate, brought this action to recover damages for wrongful death. The trial of the case in the Common Pleas Court resulted in a verdict by the jury and judgment of the court for $3,000.

### OPINION OF COURT.

The following is taken, verbatim, from the opinion.

PER CURIAM

The court charged the jury that, in arriving at the amount of damages, they should take into account how long the child would probably have lived and the amount that her father and mother and brothers and sisters would probably have received from her during her liftetime if she had not met with the accident, and it is claimed that this was error, because the jury should have been confined to the consideration of her pecuniary value to said beneficiaries during the child's minority. We find that there was no error in the court's charge in this respect.

One of the charges of negligence was that the truck was being driven at a rate of speed in excess of that allowed by statute, and, at the conclusion of the evidence, defendant in error withdrew that charge and the court instructed the jury that that specification of negligence should be disregarded, but the court did appropriately charge, in respect to the claim of negligence, that the car was driven at a speed that was greater than was reasonable and proper under all the circumstances. At the conclusion of the charge, counsel for plaintiff in error specifically requested that the court charge as to the statutory rate of speed permissible under the law in that locality, and the court did so charge, saying again that the defendant in error had abandoned that charge of negligence, and, in connection with said additional charge, the court recharged the law in reference to the driving of an automobile at a speed greater than was reasonable and proper, having regard for the width, traffic, use, and the general or usual rules of the road or highway; and it is claimed that, in complying with the request of the attorney for the plaintiff in error, the court should have confined itself to charging merely as to the statutory rate of speed permissible in such a locality, without recharging on the subject of speed that was reasonable and proper under the circumstances. We find that this ground of error is not well taken.

It is also claimed that the verdict is excessive and was given under the influence of passion and prejudice.

There is nothing in the record that raises the slightest inference of bias or prejudice on the part of the jury, and we are unanimous in that conclusion; therefore the judgment cannot be reversed on the ground that the verdict is excessive and was given under the influence of passion and prejudice.

This leaves for consideration the question of whether or not the judgment as to the amount of damages is manifestly against the weight of evidence.

In construing the constitution of Ohio, it is now firmly established, by the decisions of the Supreme Court, that the Court of Appeals cannot reverse a judgment on this ground unless all of the judges of this court concur in the finding that the judgment as to amount of damages is manifestly against the weight of the evidence. We have given to that question in this case very patient and careful consideration, and are unable to unanimously agree that the judgment, in amount, is manifestly against the weight of the evidence.

(Washburn, PJ., Funk and Pardee, JJ., concur.)